RAYMOND G. AND LAUNA M. JOHNSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Johnson v. Commissioner
Docket No. 14146-90
United States Tax Court
T.C. Memo 1991-447; 1991 Tax Ct. Memo LEXIS 496; 62 T.C.M. (CCH) 710; T.C.M. (RIA) 91447; September 16, 1991, Filed *496 Craig A. Peterson, for the petitioners. Mary E. Dean, for the respondent. PETERSON, Chief Special Trial Judge. PETERSON
MEMORANDUM OPINION This matter is before the Court on petitioners' Motion for Litigation Costs under section 7430 and Rule 231. (Unless otherwise indicated, all section references are to sections of the Internal Revenue Code as in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.) On April 15, 1991, this case was called from the trial calendar at St. Paul, Minnesota. Respondent reported to the Court that a settlement had been reached by the parties. On May 20, 1991, the parties filed a stipulation of settled issues wherein respondent conceded the primary issue in the case. On June 3, 1991, petitioners filed a motion for administrative and litigation costs pursuant to Rule 231. Respondent filed a notice of objection to the motion on July 26, 1991. A notice of deficiency was mailed to petitioners on March 30, 1990, which determined deficiencies in petitioners' income taxes in the amounts of $ 1,243 and $ 1,170 for the years 1987 and 1988, respectively. On June 28, 1990, a petition was filed, *497 and respondent filed his answer on August 17, 1990. Petitioners have requested administrative and litigation costs in the amount of $3,938.43, pursuant to section 7430. Under section 7430, a petitioner may be awarded a judgment for reasonable administrative and litigation costs if he (1) has exhausted administrative remedies, (2) has established that the position of respondent was not substantially justified, (3) has substantially prevailed with respect to the amount in controversy or with respect to the most significant issue or set of issues, (4) has met the net worth requirement, and (5) has not unreasonably protracted any portion of the administrative or court proceeding. The parties are in agreement that petitioners meet the above conditions, except they disagree as to whether respondent's position during the administrative or court proceedings was substantially justified. Whether or not respondent's position was substantially justified turns on a finding of reasonableness, based upon all the facts and circumstances, as well as legal precedents relating to the case. ; , *498 affd. ; . The fact that respondent eventually loses or concedes the case is not determinative as to whether the taxpayer is entitled to an award of administrative or litigation costs. ; . Petitioners have the burden of establishing that respondent's position was not substantially justified. Rule 232(e). Under section 7430(c)(7)(B) the administrative position of respondent means the position taken in the administrative proceedings as of the earlier of the date of receipt of the appeals decision or the date of the notice of deficiency. Section 7430(c) (5) defines administrative proceeding as any procedure or other action before the Internal Revenue Service. Under section 7430(c)(7)(A) the court position of respondent means the position taken in the judicial proceeding. Section 7430(c)(6) defines "court proceeding" as "any civil action brought in a court of the United States (including the Tax Court and the United States Claims Court)." *499 Accordingly, the time period begins in this case with the date of the notice of deficiency since there was no appeals proceeding. The issues in this case were whether petitioners were entitled to claim four exemptions for petitioner Raymond Johnson's (hereinafter petitioner) children for the years 1987 and 1988, and whether he was entitled to use the head of household filing status for the year 1987. Petitioner was the noncustodial parent and was required to prove that he and his former wife provided over 50 percent of the support for their children. In addition, petitioner was required to obtain a written statement from his former wife stating that she would not claim the exemptions. During the audit petitioners provided the above statement, but failed to establish that petitioner and his former wife gave over 50 percent of the children's support. On January 4, 1990, petitioner mailed a letter to respondent setting forth a hypothetical case taking into account public assistance payments that likely would have been received on behalf of his children and his own support to show that he provided over 50 percent of the children's support. In his projection of support from public *500 agencies petitioner made certain estimates. Petitioner was not able to obtain the amount of the actual payments his children received from public agencies. Subsequently, petitioner was able to obtain third party information relating to public assistance support for the children. After the petition herein was filed, this information was given to respondent's counsel on November 30, 1990. The case was settled on February 12, 1991, wherein respondent conceded the exemptions and petitioner conceded the head of household filing status. Based on the facts in this case and the sequence of events as stated above, respondent's position was substantially justified. At the time respondent issued the notice of deficiency and subsequently when the petition was filed, respondent had no proof that petitioner and his former wife provided over 50 percent of the support for their children. Whenever there is a factual determination, respondent is not obliged to concede the case until he receives the necessary documentation to prove a taxpayer's contention. Cf. . Once the necessary information was received to substantiate that petitioners *501 were entitled to claim the exemptions on December 1, 1990, the issue was conceded shortly thereafter on February 12, 1991, or 74 days after the substantiation was provided. Respondent has a reasonable period of time to analyze documentation received from petitioners to modify his position, if necessary. See ; . We find that respondent acted within a reasonable period of time after he received the documentation. We disagree with petitioners that respondent's position was unreasonable because of his failure to accept unsubstantiated data to prove that petitioner and his former wife provided over 50 percent of the support for their children. In addition, we do not agree that respondent is liable for administrative or litigation costs simply because petitioners did their best to provide information that was not readily available, or because petitioners were not fully aware of the information needed and relied primarily on their tax return preparer that the exemptions were properly claimed. The question here is whether respondent's position was substantially *502 justified because he required petitioners to substantiate with reliable information their contention that they were entitled to the exemptions claimed. Based on the facts in this case respondent's position was clearly reasonable and justified. Accordingly, petitioners' motion will be denied. An appropriate order and decision will be entered.